As we find no error in the record, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and WISEMAN, JJ., concur.

FINLAW, APPELLEE, *v.* HUNTER ET AL., APPELLANTS.

(No. 7007—Decided June 29, 1949.)

Mr. *Walter K. Sibbald*, for appellee.
Messrs. *Matthews & Matthews*, for appellants.

BY THE COURT. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County.

We approve and adopt the following as correct statements of the rules of law of Ohio, applicable to the facts as disclosed by the record in this case, to wit:

1. When a subdivider conveys a lot with a boundary line abutting on a platted street, a presumption arises that he intends to convey to the center of the platted street. The presumption exists for several reasons. First, when monuments having width, such as rivers, trees, stakes, stones, and platted or existing streets are made boundary lines in deeds, it is the invariable rule that the boundary is the center line of the monu-

ment. Second, when the subdivider sells a lot abutting on a platted street, he is deemed to have received full value therefor and the buyer is deemed to have paid an increased price for the lot for the easement in or use of the street. Third, there is no reason for assuming that the subdivider intended to reserve the fee in the platted street, because its control or use, at the time he sells the abutting lot, ceases to be of any benefit or importance to him. Fourth, a covenant is implied from the platting of the streets and lots by the subdivider, creating an estoppel as the basis of the rights the buyer acquires in the street designated on the plat, especially when the deed refers to the plat. Fifth, it is the policy of the law to discourage separation of the title of a lot from the abutting strip of a street, which, after remaining in abeyance for years, may become the occasion of litigation. 5 Ohio Jurisprudence, 720, Section 17; 13 Ohio Jurisprudence, 791, Section 64; 8 American Jurisprudence, 772-774, Section 36; *Id.*, 775-776, Sections 38 and 39.

2. It is well settled that where a grantor bounds the lot conveyed on a described street and is the owner of the land embraced therein, he is estopped to deny the right of the grantee to use the land for street purposes, whether it be in fact a street or not. And the same effect is given to a deed describing the lot conveyed by number and reference to an undedicated plat upon which the lot is shown to front upon a street. In such a case the easement which the grantee acquires is not limited to that part of the described street in front of his lot, but it extends to the whole street shown so far as it was owned by the grantor when the deed was executed. It is quite true that it has been held such a deed does not bind the grantor to open and maintain a street in a condition fit for travel; nor does it imply a covenant that the street is in such condition when the deed is made. The only effect is that as between the

grantor and grantee the latter may do nothing inconsistent with this right. Between them, it is a street. Nor did the fact that the plat was marked vacated or that in some of the deeds it was referred to as vacated prevent this result. The vacation of the plat affected only the public easement.

By the common-law rule of construction, a deed of land which describes it as bounding upon a street carries the fee of the grantor to the middle line of the street. In Ohio, the same general rule is in force. *Paine, Exrx., v. Consumer's Forwarding & Storage Co.,* 8 Ohio Fed. Dec., 580, 19 C. C. A., 99, 37 U. S. App., 539, 71 F., 626.

The conveyance from the subdivider, Silverton Heights Land Company, to Eva O. Hertwig, the defendant Ermine E. Hendricks' predecessor in title, described the lot conveyed to her as "situated in the county of Hamilton, state of Ohio, being the northwest corner and part of the Silverton Heights Land Company's subdivision, in Sycamore township, section 13, and Columbia township, section 18, containing 2.43 acres more or less, as platted in said company's subdivision which is recorded in plat book No. 20, page 38 of Hamilton county, Ohio."

This description is followed by a more particular description of the lot by metes and bounds, which in turn is followed by the words:

"Said property being northwest part of a 100 acre tract of land which was conveyed to said Silverton Heights Land Company, by Harry L. Kirtley and wife."

Eva O. Hertwig conveyed the lot to her daughter, Ermine E. Hendricks, the defendant, by deed, in the description in which deed the plat is referred to in the same manner it is referred to in the above mentioned deed from Silverton Heights Land Company to Eva O. Hertwig.

The defendant Hendricks, through such conveyance, is now the owner of the title to the lot.

As the descriptions in both deeds under which the defendant Hendricks claims title to the lot refer to the plat of the subdivision, of which the lot is a part, as a definite and integral part of such description, the plaintiff, who acquired title to the lots she now owns through mesne conveyances from the subdivider of the platted subdivision, under the rules of law above mentioned, is estopped from claiming the tract of land platted and designated as Kanawha avenue reverted to her in fee simple as the grantee by mesne conveyances from the subdivider of the tract. She is estopped further, as against the defendant Hendricks, from denying the existence of Kanawha avenue and defendant's right to use it as a street, and from denying that the rights of abutting land owners in the real estate embraced in such avenue are not the same as if the dedication of the avenue had been duly accepted by the proper public authorities, notwithstanding the dedication was never accepted by public authorities authorized to accept the same.

The dedication of Kanawha avenue never having been accepted by public authorities authorized to do so, the vacation of the same by the Board of County Commissioners of Hamilton County did not in any way affect the right of the parties to or in such avenue and the real estate embraced in the same.

By virtue of the estoppel above mentioned, the defendant Hendricks had the right either to have such avenue kept open for the purpose of ingress to and egress from the lot owned by her, and for the enhancement in value of the lot, or to assent to the same being vacated, in which event she, as the abutting owner, would have the title in fee simple to the center of the avenue free from any easement of the plaintiff.

From the record in this case it appears that the parties hereto both desire to have Kanawha avenue vacated and free from any easement to which the other may be entitled, and each desires to have the title in fee simple to the portion of the real estate embraced in Kanawha avenue to which she would be legally entitled in case the avenue had been legally vacated, free from any easement of the other thereon, so that for the purposes of this case the assent of both parties to the vacation thereof may be presumed.

For the reasons mentioned, the judgment of the Common Pleas Court, adjudging that the plaintiff is the owner in fee simple of all the real estate embraced in Kanawha avenue as platted, will be reversed as being contrary to law, at the costs of appellee, and this court, rendering the judgment the Common Pleas Court should have rendered, will render judgment that the plaintiff owns in fee simple absolute that portion of the real estate embraced in Kanawha avenue · as platted, upon which the lots owned by her abut, to the center of the avenue as platted, and that the defendant is the owner in fee simple absolute of that portion of the real estate embraced in Kanawha avenue as platted, upon which the lot owned by her abuts, to the center of the avenue as platted, and that plaintiff's title be registered accordingly.

*Judgment accordingly.*

Guernsey, P. J., Middleton and Jackson, JJ., concur.

Guernsey, P. J., Middleton and Jackson, JJ., of the Third Appellate District, sitting by designation in the First Appellate District.