William T. WELCH et al., Appellants,

v.

CITY OF BLUE SPRINGS, Missouri, et al., Respondents.

No. 27,245.

Missouri Court of Appeals, Kansas City District.

Aug. 4, 1975.

Jimmie D. James, James & Eisfelder, Independence, for appellants.

William W. Ely, Blue Springs, for City of Blue Springs.

Stanley P. Christoner III, County Counselor and James C. Morris, Deputy Co. Counselor, Kansas City, for County of Jackson.

Julius M. Oswald, Blue Springs, for Board of Education.

John J. Campbell, Independence, for George T. Ward, Builders, Inc.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from order dismissing petition in action to enjoin the use of a roadway, or in the alternative to set aside the platting of a subdivision.

A preliminary question, raised by motions to dismiss the appeal, is whether or not the order appealed from is an appealable order. The order involved was entered in the circuit court on February 7, 1974. The court held that plaintiffs' second amended petition states no facts upon which equitable relief might be granted and sustained the separate motions of the various defendants to dismiss the second amended petition. The order further stated: "This dismissal is without prejudice and should plaintiffs desire to re-file their claim by amending the petition in the instant case they are granted thirty (30) days from the date hereof within which to amend their second amended petition."

The next record entry is plaintiffs' notice of appeal, filed March 6, 1974.

Motions have been filed by respondents, contending that the order dismissing the petition without prejudice is not a final judgment from which an appeal will lie. Respondents rely upon *Bailey v. Williams,* 326 S.W.2d 115 (Mo.1959), in which the court stated that when a petition is dismissed with leave to amend, no final judgment is entered. In that case, the problem arose when the respondents, on an appeal from an order sustaining a motion to dismiss a petition and dismissing the suit, contended that a prior order sustaining a motion to dismiss, with leave to amend, was an appealable order from which an appeal should have been taken. The appeal was from the dismissal of the subsequently filed amended petition. The situation here differs from that involved in *Bailey v. Williams* in that no further amended petition was filed after the motion to dismiss was sustained, without prejudice.

In *Hunt v. Dallmeyer,* 517 S.W.2d 720 (Mo.App.1974), the question presented to the St. Louis District of the Court of Appeals was the timeliness of a notice of appeal from an order sustaining a motion to dismiss, with leave granted plaintiff to

amend his petition. As in this case, plaintiff did not file an amended petition, but appealed from the order. The court, in effect, concluded that the order of dismissal became a final judgment upon expiration of the time granted to file an amended petition, with no such filing having been made. No mention was made by the court of Rule 67.06, V.A.M.R., which requires a motion for the entry of final judgment in such circumstances.

■■■ Although the matter is not free from doubt, it does appear that, under Rule 67.06, the entry of judgment upon motion would be a ministerial act. By filing notice of appeal, plaintiffs in effect acknowledge the final nature of the dismissal. Therefore the order here appealed from is considered final for purpose of appeal. Respondents' motion to dismiss the appeal will be overruled.

The second amended petition was filed on behalf of approximately fifty persons named as parties plaintiffs, the owners of lots in Willow Brook subdivision, located partly in the City of Blue Springs and wholly within Jackson County, Missouri. It alleged that the defendant George T. Ward Builders, Inc., on March 17, 1972, filed a preliminary plat of Willow Brook, Lots 1 through 110, with the Jackson County Planning Commission. According to such preliminary plat, the streets within the subdivision would be cul-de-sacs used for local traffic by residents of the area, and, particularly Willow Brook Drive would not constitute a through roadway.

The preliminary plat was approved April 19, 1972. On May 29, 1972, defendant Ward filed a plat of Lots 1 through 49 of the subdivision with the Jackson County Planning Commission, which approved the plat.

On July 16, 1973, defendant Ward filed the plat of Lots 50 through 103 of the subdivision with the Jackson County Planning Commission. In such plat, the location and contour of Willow Brook Drive was altered from the "original plat."

The petition alleged that such change was brought about as follows:

" * * * in the spring of 1972 the School Board requested the Blue Springs City Council to require a change in the final section of the plat of Willow Brook so that the School Board and more specifically the school facilities would be afforded additional ingress and egress to the school property through the Willow Brook subdivision; that thereafter the Blue Springs City Council requested the developer Ward to make said changes; that developer Ward resisted the changes and proposed alternative routes of providing ingress and egress to the school property, said alternative route being supported by the County Planning Commission; that the City rejected the alternative routes and demanded developer Ward make the changes as indicated before the final plat of Willow Brook would be approved, although the final plat conformed with all provisions of Revised Statute of Missouri 445.010; that thereafter developer Ward made said changes and filed the final plat as indicated above."

The petition further alleges:

"That twenty of the enumerated plaintiffs contracted for or completed purchase of their enumerated lots in the first section of Willow Brook which includes Lots 1 through 49 between the time of April 20, 1972 and July 16, 1973; that on or before the date plaintiffs purchased their said lots the only information as to the final form of said subdivision was contained in the preliminary plat of Willow Brook and the final plat of Lots 1 through 50 of said subdivision; that all said contracts and deeds referred only to 'Willow Brook, a subdivision in Jackson County, Missouri' and no reference was made to the two separate sections, Lots 1 through 49 and Lots 50 through 103; that further information was contained in a sales brochure furnished by defendant, Pacesetter Homes Company, a copy of which is attached to plaintiffs' original petition and marked as plaintiffs' Exhibit 'D' and incorporated herein by reference as though more fully set out herein at length;

that upon purchase of said lots, plaintiffs acquired a property right, to-wit: that Willow Brook subdivision would be a closed subdivision of cul de sacs used for local traffic by the residents of said area and assuring in a limited manner a degree of privacy not afforded by the traffic pattern as changed in that Willow Brook Drive would connect with R. D. Mize Road on the eastern side of said subdivision and would proceed in a westerly direction to connect with 19th Street, then proceeding in a northerly direction to connect with R. D. Mize Road on the northern side of said subdivision and further that Willow Brook Drive would not constitute a through roadway; that said plaintiffs were informed, believed, and upon such belief allege the fact to be that said 'closed subdivision' would at the present and in the future enhance the property value of their homes, increase and secure the plaintiffs' peace of mind and quiet enjoyment of their homes; that plaintiffs had a right to rely upon and did rely upon the information then available, furnished and supported and reinforced by all the defendants."

The petition charged that the action of the City of Blue Springs was an "unreasonable exercise of municipal authority when only ministerial approval of the final plat was required."

It charges that the school district's acquisition of the additional ingress to and egress from the school property "constituted an improper exercise of its right of eminent domain."

On this appeal, appellants' reliance is upon two propositions, stated in their brief as follows:

1. "Plaintiffs had a right to rely upon the representations as to the location and contour of the roadways within the subdivision."

2. "Defendants are estopped to deny the existence of the streets as set forth in the preliminary plats and maps exhibited to plaintiffs."

They make other general contentions, such as the benefit of liberal construction of their petition, the absence of adequate legal remedy and the power of the court to provide the remedy requested, but these matters are necessarily incidental to the primary question of whether or not they have stated a claim for relief.

In support of their motions to dismiss in the trial court and in their briefs here, defendants have relied upon § 445.030, V.A.M.S. dealing with plats of cities, towns and villages or any addition thereto. The statute provides:

"Such map or plat shall be acknowledged by the proprietor before some official authorized by law to take acknowledgments of conveyances of real estate, and recorded in the office of the recorder of deeds of the county in which the land platted is situated; provided, however, that if such map or plat be of land situated within the corporate limits of any incorporated city, town or village, it shall not be placed of record until it shall have been submitted to and approved by the common council of such city, town or village, by ordinance, duly passed and approved by the mayor, and such approval endorsed upon such map or plat under the hand of the clerk and the seal of such city, town or village; nor until all taxes against the same shall have been paid; and before approving such plat, the common council may, in its discretion, require such changes or alterations thereon as may be found necessary to make such map or plat conform to any zoning or street development plan which may have been adopted or appear desirable, and to the requirements of the duly enacted ordinances of such city, town or village, appertaining to the laying out and platting of subdivisions of land within their corporate limits."

None of the cases relied upon by appellants in support of their contention dealt with the effect of a statute such as this. Their cases instead dealt with the rights of purchasers of lots in and to the streets as they appeared on a plat insofar as such

plats fixed the width of such streets and their location relative to the boundaries of the lots. Such were the questions presented in *Nicholas v. Title and Trust Co.*, 79 Ore. 226, 154 P. 391 (1916); *Finlaw v. Hunter*, 87 Ohio App. 543, 96 N.E.2d 319 (1949), and *Raines v. Village of Alden*, 252 Minn. 530, 90 N.W.2d 906 (1958). The case of *Poudler v. City of Minneapolis*, 103 Minn. 479, 115 N.W. 274 (1908), dealt with the right of lot owners in a part as shown in a plat.

These are the only authorities relied upon by appellants and none states any principle which supports their cause of action.

 Section 445.030, supra, authorizes the action which the City of Blue Springs took in this case in requiring alteration of the plat as a condition for its approval. See *City of Bellefontaine Neighbors v. J. J. Kelley R. & P. Co.*, 460 S.W.2d 298, 303[4, 5] (Mo.App.1970). Appellants contend that the city and county are estopped as "grantees of defendant Ward upon the dedication of the roadways by the preliminary plat." No dedication of the roadways occurred upon the mere drawing of the preliminary plat. Regardless of what obligations might have arisen between the developer and lot owners by reason of the use of such plat, insofar as the city was concerned, there was no dedication of the roadways until the plat had been approved and filed for record. § 445.070, subd. 2., RSMo 1969. No facts whatsoever are alleged which would give rise to an estoppel of the municipal authority by reason of the dealings between the developer and the lot owners. By appellants' theory, the illegal use of a preliminary plat (§ 445.070, subd. 1.) would nullify the specific authority granted the municipality to approve the plat.

Given the authority of the City of Blue Springs to require the change in the plat, plaintiffs have no legal cause for complaint based upon the effect which the change might have upon vehicular traffic in the subdivision. *Kansas City v. Berkshire Lumber Company*, 393 S.W.2d 470 (Mo.1965).

Appellants' petition stated no claim for the relief requested, i. e., injunction against use of the roadway or the setting aside of the filed plat and the filing in lieu thereof of the originally proposed plat for Lots 50 through 103.

Judgment affirmed.

All concur.