**Elvie NORRIS, Plaintiff-Appellant,**

v.

**Stephen Armer JOHNSON, Defendant-Respondent.**

**Elvie HOLLOWAY and Robert Holloway, Plaintiffs-Appellants,**

v.

**Stephen Armer JOHNSON, Defendant-Respondent.**

**Nos. KCD 30638, KCD 30639.**

Missouri Court of Appeals, Western District.

May 5, 1980.

Philip C. Ehli, Kansas City, for plaintiff-appellant.

William J. Cason, Michael X. Edgett, Fred R. Bunch, Clinton, for defendant-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

This consolidated appeal of two dismissals with prejudice of companion cases in the Circuit Court of Henry County raises the issue of the right of a plaintiff to a voluntary dismissal after an earlier dismissal by the court for want of prosecution and a reinstatement of the case.

Plaintiffs, who have appealed the court's order of dismissal with prejudice, filed their original claims in February, 1970. The claims arise out of a motor vehicle collision. There were initially two defendants, but the plaintiffs dismissed with prejudice as to one of the defendants. The cases remained relatively inactive until January, 1978, when the court dismissed both cases for lack of prosecution. They were reinstated by the court on January 30, 1978 and set for trial during the week of October 24, 1978.

On September 27, 1978, the defendants filed a motion to compel the plaintiff Norris to answer interrogatories. On October 13, 1978, the court ordered Norris to answer the interrogatories by October 18 or, if not, the case would be dismissed with prejudice. As to the plaintiff Holloway, interrogatories had been filed and were unanswered, and a motion to compel answer was pend-

ing. Norris and Holloway filed a voluntary dismissal without prejudice on October 18th and 25th, respectively. The trial was set for October 25th. This was done with no prior notice and after a jury had been assembled on October 25th but before evidence was introduced.

Two days later, the defendant filed motions requesting that both dismissals be entered with prejudice pointing out that the defendant, a resident of Oregon, had come to Missouri at his expense to dispose of the case and that two witnesses to the collision were now deceased. The court sustained the defendant's motions on December 4, 1978. Both plaintiffs appealed to this court; and the cases have been consolidated for disposition.

Despite the reprehensible conduct involved in these dismissals on the day of trial, the trial court's attempt to convert the dismissals to dismissals with prejudice cannot be sustained. Rule 67.01, as presently written was amended to eliminate any necessity for a court order when a voluntary dismissal without prejudice was filed before the admission of evidence. *First National Bank of Colorado Springs v. Mark IV*, 591 S.W.2d 63, 68 (Mo.App.1979). Thus, the dismissals, if proper under Rule 67.01, did not require any action by the trial court.

The dispositive issue in this case is whether the court's dismissal for want of prosecution is attributable to plaintiffs, in which case the dismissals on October 18, 1978 and October 25, 1978, could not be taken voluntarily without either stipulation or court order. If the initial court order is *not* attributable to plaintiffs, the subsequent voluntary dismissals were the first made by plaintiffs and could be made without court order. The specific language of Rule 67.01, in relevant part, is:

> "A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence. . . . A party who has once so dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth."

*Davis v. Holder*, 568 S.W.2d 565 (Mo.App. 1978) holds that a previous dismissal, without prejudice, for want of prosecution, by order of the court, is not a voluntary dismissal and that a subsequent voluntary dismissal without prejudice did not bar a refiling of the suit. Consequently, the court ruled the lower court had erred in dismissing with prejudice the third suit.

Applying that principle to this case, the court's dismissal for lack of prosecution on January 3, 1978 had no effect on plaintiffs' right to subsequently dismiss the cases. Their dismissals in October, 1978, were the first voluntary dismissals under Rule 67.01.

Faced with a proper voluntary dismissal, without prejudice, the court no longer had authority to enter any further order. Consequently, the subsequent orders sustaining defendant's motions to make the dismissals with prejudice are a nullity. *Garrison v. Jones*, 557 S.W.2d 247 (Mo. banc 1977).

The cases are reversed and remanded with directions to enter an order for dismissal without prejudice.

All concur.