**Donald S. ROSENFELD, Plaintiff-Respondent,**

v.

**TELCOM ENGINEERING, INC., et al., Defendants,**

**and**

**John C. Hannegan, Defendant-Appellant.**

**No. 43060.**

Missouri Court of Appeals, Eastern District, Division Three.

June 9, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied Sept. 8, 1981.

Robert E. Keaney and Mary E. Case, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Richard L. Hughes, Mogab & Hughes, St. Louis, for defendant-appellant.

Paul H. Schramm and M. Harvey Pines, Schramm, Newman, Pines & Freyman, Clayton, for plaintiff-respondent.

SNYDER, Judge.

Defendant-appellant appeals from a judgment denying his motion to dismiss plaintiff-respondent's cause of action with prejudice pursuant to Rule 67.06. The trial court denied the motion, ruling that the court lacked jurisdiction because plaintiff had previously dismissed his petition without prejudice. Alternatively, the trial court ruled that respondent's failure to file an amended petition on time was due to excusable neglect. The judgment is affirmed.

Respondent filed his original petition in eleven counts against four defendants. The petition sought damages for breach of fiduciary duty and conspiracy to eliminate respondent as a business competitor. Three of the defendants filed a motion for summary judgment and to dismiss on January 11, 1980. Appellant filed his separate motion to dismiss the counts against him on February 1, 1980. On February 6, 1980, respondent dismissed the counts without prejudice against defendants other than appellant. On the same date, the trial court granted appellant's motion to dismiss but granted respondent 30 days to amend certain counts of his petition. Respondent was granted two additional extensions of time in which to amend his petition, the last to March 24, 1980.

Respondent requested, but was not granted, a third extension of time in which to amend. On March 25, 1980, respondent filed a request for an additional seven days to March 31, 1980 to file an amended petition. He attempted to meet with the trial judge who had ruled on the motion to dismiss and granted the prior extension of time for amendment. When he learned the judge was not available, respondent filed the request for an extension with the clerk of the court and told the clerk to notify him should any problem in obtaining approval of the extension arise. Later in the day on March 25, 1980, the judge refused to grant the additional time and noted and signed the refusal on respondent's memorandum request. Respondent did not learn of the refusal until April 21, 1980.

On March 28, 1980, appellant filed a motion for dismissal of the cause of action with prejudice pursuant to Rule 67.06. On April 1, 1980, respondent dismissed his action without prejudice pursuant to Rule 67.-01.[1] On the same day, respondent filed a second lawsuit against appellant and the other defendants in the original suit. Respondent in an affidavit and motion filed April 21, 1980, the day he learned of the court's refusal to extend the time to proceed, asked the trial court to find his failure to timely file an amended pleading was due to excusable neglect under Rule 67.06.

The trial court conducted a hearing on appellant's Rule 67.06 motion and considered affidavits from attorneys for respondent pertinent to the failure to timely file an amended petition. On May 12, 1980, the trial court entered its order denying appellant's motion for dismissal with prejudice. In its order the trial court said it lacked jurisdiction because respondent had previously dismissed his cause of action without prejudice and, alternatively, if the court had jurisdiction, respondent's failure to file an amended petition was due to excusable neglect.

Appellant challenges both the trial court's ruling that it lacked jurisdiction and also the trial court's alternative finding of respondent's excusable neglect in failing to file an amended petition on time. Appellant contends respondent's action had already been dismissed with prejudice when respondent attempted to dismiss without prejudice on April 1, 1980. Appellant insists the dismissal with prejudice took place on March 24, 1980 when respondent failed to file an amended petition before his allowed time expired. Appellant's point has no merit. The trial court did not err when it denied appellant's motion to dismiss respondent's petition with prejudice.

Rule 67.06 provides:

"On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default."

The issue in the case under review is whether, under Rule 67.06, a plaintiff's petition is automatically dismissed with prejudice when an amended pleading is not filed within the time allowed, or whether an affirmative dismissal by the court upon motion is required.

In the context of facts before the court, the language of Rule 67.06 envisions a formal dismissal pursuant to a Rule 67.06 motion following a failure to amend. The formal dismissal pursuant to a Rule 67.06 motion then becomes the judgment of dismissal.

Appellant's actions in fact lend support to an interpretation of Rule 67.06 requiring a motion and a judgment of dismissal with prejudice entered on the motion in the case before the court. Appellant filed a Rule 67.06 motion for dismissal with prejudice on March 28, 1980.

This court holds that under the facts in this case respondent's dismissal without prejudice on April 1, 1980 was effective and therefore, the trial court had no jurisdiction to dismiss respondent's petition with prejudice.

1. Rule 67.01 provides:
"A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence. After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party. Leave of court shall be freely granted when justice so requires. A party who has once so dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth."

Appellant relies on *Welch v. City of Blue Springs*, 526 S.W.2d 379, 381 [1, 2] (Mo.App. 1975), and *Hunt v. Dallmeyer*, 517 S.W.2d 720, 723 [1–3] (Mo.App.1974), to support appellant's contention that entry of a dismissal order pursuant to Rule 67.06 was ministerial and unnecessary and that the judgment of dismissal was automatically entered on March 24, 1980 upon respondent's failure to further amend his petition. Although there is language in both *Welch v. City of Blue Springs, supra,* and *Hunt v. Dallmeyer, supra,* favorable to appellant's position,[2] the facts are distinguishable in one critical respect. In both *Welch* and *Hunt,* the party who brought the appeal was the party against whom the dismissal was taken. As held in *Welch v. City of Blue Springs, supra* at 381, "By filing notice of appeal, [the parties against whom the dismissal was taken] in effect acknowledged the final nature of the dismissal." Such an appellant would implicitly concede the absence of any excusable neglect in not timely filing an amended pleading, thereby obviating the necessity for an affirmative Rule 67.06 dismissal in order to resolve all the issues in the action. If, as here, the party against whom the dismissal was ordered does not appeal, the party has not conceded the absence of excusable neglect in not timely filing an amended pleading; and all the issues in the action have not been resolved prior to disposition of a Rule 67.06 motion.

Under the facts in the case under review, an affirmative judgment of dismissal pursuant to Rule 67.06 was necessary for a judgment; and, because no judgment of dismissal had been entered pursuant to Rule 67.06 on April 1, 1980, respondent was not precluded from voluntarily dismissing his petition without prejudice on April 1, 1980 by any prior judgment.

■ A civil action may be dismissed by the plaintiff without prejudice without order of the court any time prior to the introduction of evidence. No action on the part of the trial court is required to make the dismissal effective;[3] the cause is dismissed forthwith. *Garrison v. Jones,* 557 S.W.2d 247, 249 [1] (Mo.banc 1977); *Emigh Engineering Co. v. Rickhoff,* 605 S.W.2d 173, 174 (Mo.App.1980); *Norris v. Johnson,* 599 S.W.2d 90, 91 (Mo.App.1980). The trial court was correct in ruling it lacked jurisdiction to grant appellant a dismissal with prejudice pursuant to Rule 67.06 after respondent dismissed without prejudice on April 1, 1980. *Norris v. Johnson, supra.*

The disposition given appellant's first contention makes unnecessary any consideration of appellant's second contention regarding the trial court's alternative ground for its order of May 12, 1980.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

**2.** In *Welch v. City of Blue Springs,* 526 S.W.2d 379, 381[1, 2] (Mo.App.1975) the court says: "Although the matter is not free from doubt, it does appear that, under Rule 67.06, the entry of judgment upon motion would be a ministerial act."

**3.** The supreme court has recommended the trial court enter an order of dismissal as an administrative act in connection with any appropriate orders with respect to assessment of costs. *Garrison v. Jones,* 557 S.W.2d 247, 249[1] (Mo.banc 1977).