**CITY OF PEVELY, Plaintiff-Respondent,**

v.

**Henry C. COLLINS, Defendant-Appellant.**

**No. 42649.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Clifford E. Librach, St. Louis, for defendant-appellant.

Joseph P. Cunningham, III, Festus, for plaintiff-respondent.

STEWART, Judge.

This is an action for declaratory judgment brought by the City of Pevely (City), a city of the fourth class, against Henry C. Collins (defendant), a real estate developer. The court entered summary judgment in favor of City on its cause of action and against defendant on his two count counterclaim. The court upheld the validity of City's subdivision ordinance and held that defendant's property in the city was subject to the provisions of the ordinance and that defendant's plans for a subdivision would have to comply with the ordinance before it could be approved by the City. On this appeal by defendant we affirm.

The facts are not in dispute. In October of 1978 defendant purchased ten acres of land all within the City of Pevely. He paid $47,500 for the land and spent $980 for boundary survey, $1,200 for engineering and architectural drawings and $410 for field staking.

The City Planning Commission had started work on drafting a subdivision ordinance during the summer of 1978. Hearings were subsequently held on the proposed ordinance and the recommended draft of Ordinance No. 343 was submitted to the Board of Aldermen on May 18, 1979 and duly passed on May 29, 1979. A street plan for the City had been approved on April 19, 1979 and filed of record on July 2, 1979.

On March 16, 1979 defendant submitted three drawings for a proposed subdivision of his land and by letter requested the Board of Aldermen to approve one of the plans. Defendant submitted a fourth drawing at the City's request. No action was taken by the City by April 13, 1979. Defendant on that date selected one of the plans and by letter asked the City to approve that plan. On May 18, 1979 defendant submitted a plat of the subdivision acknowledged by the owner before a person authorized by law to take acknowledgements to the recorder of deeds. When it was discovered that the plat had not been approved by the City, the plat was removed from public record.

On May 29, 1979 defendant paid the real estate taxes of the City of Pevely that were then delinquent.

At the meeting of the Board of Aldermen of the City on May 29, 1979 after passing Ordinance No. 343 the Board rejected the plat of the subdivision submitted by defendant because it did not comply with the provisions of Ordinance No. 343.

■ Defendant first contends that Ordinance No. 343 is invalid because it was not enacted in accordance with § 89.400 RSMo 1978. Plaintiff counters that the ordinance was enacted in accord with § 89.410 RSMo 1978 and that the provision of § 89.400 has no relation to the enactment of ordinances regulating subdivision development.

Section 89.400 provides as follows:

"When the planning commission of any municipality adopts a city plan which includes at least a major street plan or progresses in its city planning to the making and adoption of a major street plan, and files a certified copy of the major street plan in the office of the county recorder of the county in which the municipality is located, no plat of a subdivision of land lying within the municipality shall be filed or recorded until it has been submitted to and a report and recommendation thereon made by the commission to the city council and the council has approved the plat as provided by law."

This statute makes provision for regulation of plat approval where a city has a city plan or a major street plan that has been filed, by requiring that it be submitted to the planning commission for a report and recommendation to the city council before the council considers approval of the plat. The existence of a subdivision ordinance is not a prerequisite to the exercise of the power granted in § 89.400. Nor as demonstrated below, is compliance with the provisions of § 89.400 necessary to the enactment of a subdivision ordinance.

The power to enact ordinances further regulating subdivisions is granted by § 89.-410 RSMo 1978. It reads as follows:

"1. The planning commission shall recommend and the council may by ordinance adopt regulations governing the subdivision of land within its jurisdiction. The regulations, in addition to the requirements provided by law for the approval of plats, may provide requirements for the coordinated development of the municipality; for the coordination of streets within subdivisions with other existing or planned streets or with other features of the city plan or official map of the municipality; for adequate open spaces for traffic, recreation, light and air; and for a distribution of population and traffic.

2. The regulation may include requirements as to the extent and the manner in which the streets of the subdivision or any designated portions thereto shall be graded and improved as well as including requirements as to the extent and manner of the installation of all utility facilities, and compliance with all of these requirements is a condition precedent to the approval of the plat. The regulations or practice of the council may provide for the tentative approval of the plat previous to the improvements and installations; but any tentative approval shall not be entered on the plat. The regulations may provide that, in lieu of the completion of the work and installations previous to the final approval of a plat, the council may accept a bond in an amount and with surety and conditions satisfactory to it, providing for and securing the actual construction and installation of the improvements and utilities within a period specified by the council and expressed in the bond; and the council may enforce the bond by all appropriate legal and equitable remedies. The regulations may provide, in lieu of the completion of the work and installations previous to the final approval of a plat, for an assessment or other method whereby the council is put in an assured position to do the work and make the installations at the cost of the owners of the property within the subdivision. The regulations may provide for the dedication, reservation or acquisition of lands and open spaces necessary for public uses indicated on the city plan and for appropriate means of providing for the compensation, including reasonable charges against the subdivision, if any, and over a period of time and in a manner as is in the public interest.

3. Before adoption of its subdivision regulations or any amendment thereof, a duly advertised public hearing thereon shall be held by the council."

No specific or inferential reference is made to § 89.400 RSMo 1978 in § 89.410 RSMo 1978. The only steps necessary to

the enactment of such an ordinance are a recommendation by the planning commission, § 89.410(1) RSMo 1978, and a duly advertised public hearing upon the proposed ordinance. § 89.410(3) RSMo 1978. In addition the statute confines the city to the regulations of specific objects and provides for the enforcement of the regulations. It is apparent that the ordinance is not void for the reason urged by defendant. *State ex rel. Kramer v. Schwartz*, 336 Mo. 932, 82 S.W.2d 63 (1935) is not germane to the issue raised by defendant in this case.

■ Defendant's second point relied on reads as follows:

"The trial court below erred in its determination that 'the Respondent [Collins] has no standing or right to compel the Petitioner [City of Pevely] to approve his plans and drawings prior to May 29, 1979,' for the reason that the City had no authority to reject Respondent-Appellant's proposed subdivision plat and was required to approve it because such approval was a ministerial act."

We confine our consideration to the point as set out above. The question is whether prior to May 29, 1979 the City Council was under a ministerial obligation to approve the plat under § 445.030 RSMo 1978. *Gover v. Empire Bank*, 574 S.W.2d 464, 468 (Mo. App.1978). The statute provides:

"Such map or plat shall be acknowledged by the proprietor before some official authorized by law to take acknowledgments of conveyances of real estate, and recorded in the office of the recorder of deeds of the county in which the land platted is situated; provided, however, that if such map or plat be of land situated within the corporate limits of any incorporated city, town or village, it shall not be placed of record until it shall have been submitted to and approved by the common council of such city, town or village, by ordinance, duly passed and approved by the mayor, and such approval endorsed upon such map or plat under the hand of the clerk and the seal of such city, town or village; nor until all taxes against the same shall have been paid; and before approving such plat, the common council may, in its discretion, require such changes or alterations thereon as may be found necessary to make such map or plat conform to any zoning or street development plan which may have been adopted or appear desirable, and to the requirements of the duly enacted ordinances of such city, town or village, appertaining to the laying out and platting of subdivisions of land within their corporate limits."

The taxes on the defendant's land were delinquent "prior to May 29, 1979." The statute specifically provides that the plat shall not be placed of record until all taxes against the real estate shall have been paid. Defendant was not entitled to have his plat approved and recorded prior to May 29, 1979.

Defendant relies upon *Better Built Homes v. Nolte*, 211 Mo.App. 601, 249 S.W. 743 (1923), a case that interpreted § 445.030 RSMo 1939. The statute was amended in 1943. The ramifications of that change have been discussed in *City of Bellefontaine Neighbors v. J. J. Kelley Realty*, 460 S.W.2d 298 (Mo.App.1970); and *Welch v. City of Blue Springs*, 526 S.W.2d 379 (Mo.App.1975). In view of the conclusions we have reached above it is unnecessary for us to consider the issues discussed in *Bellefontaine Neighbors, supra*, and *Welch, supra*.

The judgment of the trial court is affirmed.

STEPHAN, P. J., and DOWD, J., concur.