[Cite as *Miller v. Romanauski*, 2014-Ohio-1517.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100120**

---

# MATTHEW D. MILLER, ET AL.

PLAINTIFFS-APPELLEES

vs.

# CLARENCE D. ROMANAUSKI, ET AL.

DEFENDANTS

[APPEAL BY KAREN AND LOREN STRAKA

DEFENDANTS-APPELLANTS]

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-04-549932

**BEFORE:** E.T. Gallagher, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANTS**

**For Loren Straka, et al.**

Avery S. Friedman
Avery Friedman & Associates
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114

**For Clarence D. Romanauski**

Clarence D. Romanauski, pro se
25937 John Road
Olmsted Township, Ohio 44138

**FOR APPELLEES**

**For Christopher Foran**

Michael J. Sikora, III
Macallister A. West
Sikora Law, L.L.C.
8532 Mentor Avenue
Mentor, Ohio 44060

**For Justin Abramovich**

Michael J. Sikora, III
Sikora Law, L.L.C.
8532 Mentor Avenue
Mentor, Ohio 44060

**For Sandy A. Babak**

Sandy A. Babak, pro se
25937 John Road
Olmsted Township, Ohio 44138

**For John H. Barnhart**

John H. Barnhart, pro se

11962 South Maxwell Hill Road
Littleton, Colorado 80127-9604

**For Betty J. and Frank X. Bechtel**

Betty J. Bechtel, pro se
Frank X. Bechtel, pro se
2325 Quail Hollow Lane
Sandusky, Ohio 44870-6082

**For Gerald Dahlke**

Gerald Dahlke, pro se
25894 Fernhall Road
Olmsted Township, Ohio 44138

**For Charlotte Dailey**

Charlotte Dailey, pro se
25755 John Road
Olmsted Township, Ohio 44138

**For Rubin DeJesus**

Rubin DeJesus, pro se
25915 John Road
Olmsted Township, Ohio 44138

**For John G., Loy G., and Susan M. Gnandt**

John G. Gnandt, pro se
Loy G. Gnandt, pro se
Susan M. Gnandt, pro se
25873 Fernhall Road
Olmsted Township, Ohio 44138

**For John E. Kaufman**

John E. Kaufman, pro se
25755 John Road
Olmsted Township, Ohio 44138

**For Brigina Kizzen**

Brigina Kizzen, pro se
25916 Fernhall Road
Olmsted Township, Ohio 44138

**For Grant Lenart**

Grant Lenart, pro se
25915 John Road
Olmsted Township, Ohio 44138

**For Charles A. and Jacqueline Miller**

Charles A. Miller, pro se
Jacqueline Miller, pro se
25889 Fernhall Road
Olmsted Township, Ohio 44138

**For Matthew D. Miller**

Jonathan D. Clark
Stumphauzer O'Toole McLaughlin McGlamery & Loughman Co., L.P.A.
5455 Detroit Road
Sheffield Village, Ohio 44054

**For John Pedaci, III and Sandra R. Pedaci**

John Pedaci, III, pro se
Sandra R. Pedaci, pro se
23073 Royalton Road
Columbia Station, Ohio 44028

**For Henry and Hilda Ruhr**

Henry Ruhr, pro se
Hilda Ruhr, pro se
25887 Fernhall Road
Olmsted Township, Ohio 44138

**For Karen and Robert Schilling**

Karen Schilling, pro se
Robert Schilling, pro se
25803 John Road
Olmsted Township, Ohio 44138

**For Loretta Toth**

Loretta Toth, pro se
25914 Fernhall Road
Olmsted Township, Ohio 44138

**For Ronald Wallace**

Ronald Wallace, pro se
9959 Riverhead Drive
San Diego, California 92129-3225

EILEEN T. GALLAGHER, J.:

{¶1} Defendants-appellants, Karen and Loren Straka ("the Strakas"), appeal a declaratory judgment that declared the existence of an easement on their property. We find no merit to the appeal and affirm.

{¶2} Plaintiffs, Matthew and Laura Miller ("the Millers"),[1] filed this declaratory judgment action against numerous defendants asserting claims to an easement for ingress and egress to their property located at 25879 Fernhall Road in Olmsted Falls. The Strakas live and have lived at 25827 John Road in Olmsted Falls since January 1, 1973. This parcel is known as sublot 51 in the Hall Acres Inc. subdivision ("Hall Acres subdivision"). Since March 18, 1991, the Strakas have also owned an adjoining parcel to sublot 51, known as sublot 50. Both of the Strakas' properties front John Road and abut Fernhall Road. The rear and south portions of the Strakas' lots contain a portion of land known as Fernhall Road and constitute the land at issue in this case.

{¶3} In December 2003, the Millers became the owners of property located at 25879 Fernhall Road ("the Miller property"). This property is known as sublots 12 and 13 in the Hall Acres subdivision. Fernhall Road is an undedicated strip of gravel and asphalt, that provides access to more than eight homes on Fernhall Road, including the Miller property. John Road is a public, dedicated road by which the Strakas access their properties.

{¶4} The Hall Acres subdivision was originally owned by John and Minnie Hall ("the Halls"). The Halls executed a deed conveying 44.80 acres of real property located

---

[1] Linda and Christopher Foran were substituted as plaintiffs during the trial court proceedings and are the appellees in this appeal.

in Olmsted Township ("the Hall Acres property") to Hall Acres Inc. by virtue of a warranty deed, which was recorded on July 29, 1926, in Volume 3409, page 44 in the Cuyahoga County Recorder's Office. Hall Acres Inc. created a subdivision from the Hall Acres property, which was surveyed and platted by the Henry G. Reitz Engineering Company ("Reitz Engineering") on or about May 25, 1927. The plat, which was not recorded, proposed a number of sublots bisected by two 50-foot roads designated on the plat as Thornbrook Boulevard and Fernhall Road. The platting shows that the only means of access to lots 12 through 20 would be via Thornbrook Boulevard and Fernhall Road. The legal description contained in the deed describes all of the land depicted on the plat.

{¶5} In 1927, Hall Acres Inc. conveyed the Hall Acres property to H. Frederick Smith by warranty deed ("Hall Acres deed"), which was duly recorded in the Cuyahoga County Recorder's Office on June 11, 1927. In the early 1930s, H. Frederick Smith subdivided the Hall Acres property into a number of sublots bisected by a 50-foot road shown on the plat as Thornbrook Boulevard and Fernhall Road. In each of the deeds he executed conveying title to the properties ("the Smith deeds"), H. Frederick Smith reserved 25 feet of real property for the construction of Fernhall Road and Thornbrook Boulevard in accordance with the plat. The legal description of each of the Smith deeds used the centerline of Fernhall Road, proposed, and Thornbrook Boulevard, proposed, as boundaries for the lots and reserved 25 feet of real property for Fernhall Road and Thornbrook Boulevard. Fernhall Road and Thornbrook Boulevard were thereafter constructed out of gravel and asphalt on the reserved portion of each property.

{¶6} H. Frederick Smith conveyed sublot 51 to John Bitten in 1932 and conveyed lot 50 to Archie Cameron in 1941. The legal descriptions of the properties in both deeds, which were duly recorded, define the property boundaries as "subject to all legal highways and 25 feet off the south side thereof for Fernhall Road, proposed." The first deed conveying the Millers' lots includes this same language. Some of the deeds executed in subsequent conveyances of various sublots omitted the "subject to * * * 25 feet off the south side thereof for Fernhall Road" language. Instead, these deeds refer to the unrecorded survey of the plat prepared by Reitz Engineering in their legal property descriptions. For example, the legal description in the deed for the conveyance of sublot 51 to the Strakas in 1973 describes the dimensions of the sublot and adds that the property is "further known as Sub Lot 51, in the Hall Acres Inc., proposed, according to a survey, dated May 25, 1927, made by the Henry G. Reitz, Engineering Company, be the same more or less, but subject to all legal highways."

{¶7} The Strakas have vehicular access to their properties from John Road, an improved road that runs parallel to and north of Fernhall Road. It is undisputed that the residents of Fernhall Road can only access their property from the undedicated Fernhall Road. It is also undisputed that the Millers and other residents of Fernhall Road have been openly using some portion of the land that is legally described as Fernhall Road, proposed, since the original subdivided lots were conveyed. The Strakas dispute the exact location of the continued access.

{¶8} The subdivision depicted in the original plat was never completed, and for years Fernhall Road was a single-lane, one-way access road. In 2003 or 2004, the

Strakas objected to the widening of the existing Fernhall Road, which resulted from dumping additional gravel on the road. The Strakas allegedly sought to stop the mail from being delivered and the trash from being collected from houses on Fernhall Road. Consequently, the Millers filed a complaint, which was subsequently amended, seeking a declaration that properties located along Fernhall Road, including the Strakas, are subject to a non-exclusive easement for ingress and egress.

{¶9} In their second amended complaint ("the complaint"), the Millers alleged they have a right to access their property from Fernhall Road by virtue of an express easement by reservation. They also alleged that the non-exclusive easement was an easement by prescription, an easement by necessity, and a common law dedication of Fernhall Road and Thornbrook Boulevard. In 2006, the court granted the Millers' default judgments against 22 property owners and stated in its journal entries that the court would determine the legal description of the easement upon resolution of the remaining claims.

{¶10} In March 2008, the Millers filed a motion for summary judgment. Meanwhile, defendants, William and Mary Smith ("the Smiths"), obtained relief from the default judgment against them and filed an answer. In their answer, the Smiths asserted a cross-claim, counterclaim, and third-party complaint, alleging that when H. Frederick Smith subdivided the Halls Acres property in the 1930s, he reserved 25 feet of real property for the construction of Fernhall Road and/or Thornbrook Boulevard in the titles to each of the subdivided lots. The Smiths also sought a declaratory judgment that the interests of the Strakas and the Millers in their properties are subject to a non-exclusive easement of ingress and egress. The Smiths also filed a motion for summary judgment.

**{¶11}** The trial court granted the Millers and the Smiths' motions for summary judgment. In its journal entry, the court declared that an easement exists that allows ingress and egress for the properties in the Hall Acres subdivision on two alternative grounds: (1) express easement by reservation, and (2) implied easement by necessity. Following an evidentiary hearing, the court determined the exact location and dimensions of the easement and found that the easement is a total of 12 feet wide; six feet on either side of the centerline. The court further ordered the Millers to "cause a legal description of said easement to be prepared using all proper legal descriptions and recorded upon all subject properties."

**{¶12}** The Strakas filed a notice of appeal, which was dismissed for lack of a final appealable order. While the case was on remand to the trial court, Christopher and Linda Foran ("the Forans") were substituted as plaintiffs in lieu of the Millers after they took possession of the Millers' property. On March 1, 2013, a plat identifying the precise location of the easement was recorded with the Cuyahoga County recorder, and the plat was assigned Instrument No. 201303010647 ("Easement plat"). The Easement plat and legal description specifying the exact boundaries of the easement were attached to an order filed by the trial court on July 21, 2013, which was also filed with the county recorder. In the July 21, 2013 entry, the trial court issued its final entry concluding that there were no further pending claims. The Strakas now appeal the summary judgment and raise six assignments of error, which we discuss out of order for the sake of economy.

**Standard of Review**

{¶13} We review an appeal from summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential element of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

**Express Easement by Reservation**

{¶14} In the second assignment of error, the Strakas argue the trial court erred in declaring the existence of an express easement by reservation. They contend the trial court erroneously applied implied easement by estoppel principles to find that an express easement existed.

{¶15} An easement is an interest in the land of another, created by prescription or express or implied grant, that entitles the owner of the easement to a limited use of another's land in which the interest exists. *Alban v. R.K. Co.*, 15 Ohio St.2d 229, 231, 239 N.E.2d 22 (1968). Easements may be appurtenant to the land or "in gross." *Gateway Park, L.L.C. v. Ferrous Realty Ltd.*, 8th Dist. Cuyahoga No. 91082,

2008-Ohio-6161, ¶ 28. An easement "in gross" has been defined as "an easement that is not appurtenant to any estate in land or does not belong to any person by virtue of ownership of estate in other land but is mere personal interest or right to use land of another." *Mourray v. Evanoff*, 6th Dist. Wood No. WD-96-042, 1997 Ohio App. LEXIS 2168 (May 23, 1997), quoting *Black's Law Dictionary* 509 (6th Ed. Rev.1990).

{¶16} By contrast, an easement appurtenant to the land "always implies an interest in the land, * * * and constitutes a part of the real property, over or in which it is to be enjoyed." *Warren v. Brenner*, 89 Ohio App. 188, 192, 195, 101 N.E.2d 157 (9th Dist.1950). An easement appurtenant requires a dominant estate to which the benefit of the easement attaches and a servient estate upon which the obligation or burden rests. *Id*. Thus, easements appurtenant "run with the land," as opposed to easements in gross, which convey to another a personal privilege to use the land but expires with the party to whom the privilege belongs. *Gateway Park* at ¶ 28, citing *Warren v. Brenner* at 195. Once an easement appurtenant is established, it attaches to the dominant estate and passes with every conveyance of that estate, even without mention of the easement in the conveyance. *Merrill Lynch Mtge. Lending Inc. v. Wheeling & Lake Erie Ry. Co.*, 9th Dist. Summit No. 24943, 2010-Ohio-1827, ¶ 30, citing *Shields v. Titus*, 46 Ohio St. 528, 22 N.E. 717 (1889).

{¶17} An easement may be created by any one of four methods (1) by grant; (2) implication; (3) prescription; or (4) estoppel. *Gateway Park* at ¶ 29. In this case, the court determined that the easement was expressly created by grant in the "root deeds" conveying title to the first owners of subdivided property in the Hall Acres subdivision.

The Strakas contend the "subject to" language contained in the root titles is a term of qualification rather than of contract and does not sufficiently establish the grantor's intent to convey an easement. We disagree.

{¶18} In support of their argument, the Strakas cite *Clark v. Butler*, 4th Dist. Ross No. 12CA3315, 2012-Ohio-5618, for the proposition that the "subject to" in the root deeds is ambiguous. The legal description in the deed at issue in *Clark* stated: "The 4.890-acre tract conveyed herein is subject to an easement for the installation and maintenance of a leach/sewage discharge pipeline granted herein from the adjacent 1.577 acre tract of land." The *Clark* court found that although this language is a little confusing, it did not rise to the level of ambiguity because the description expressly states that the easement is granted "from" the 1.577 acre parcel.

{¶19} The Strakas argue *Clark* is distinguishable from the instant case because unlike the language in the root deeds, the language in the *Clark* deeds identified the easement as coming "from" the 1.577 acre parcel, the servient estate. However, the *Clark* court also observed that Black's Law Dictionary defines the term "subject to" as "subordinate" and "subservient." *Id*. at ¶ 9. It also adopted the trial court's reasoning that the word "'subject' connotes a servient estate." *Id*. Therefore, *Clark* actually stands for the proposition that the term "subject to" modifies the servient estate by virtue of an easement.

{¶20} As previously stated, Hall Acres Inc. conveyed the Hall Acres property to H. Frederick Smith when it executed the Hall Acres deed. H. Frederick Smith subdivided the Hall Acres property into a number of sublots and conveyed titles to these sublots to

various grantees. The legal description in each of the Smith deeds used the centerline of Fernhall Road, proposed, and Thornbrook Boulevard, proposed, as boundaries for the sublots and reserved 25 feet of real property in each sublot for Fernhall Road and Thornbrook Boulevard. Furthermore, the Smith deeds expressly define the property boundaries as "subject to all legal highways and 25 feet off the south side thereof for Fernhall Road, proposed."

{¶21} Therefore, we agree with the trial court that the "root deeds" expressly created the Fernhall Road easement, which is an appurtenant easement that "runs with the land," even though it was expressly not stated in the Strakas' deeds. *See Merrill Lynch Mtge. Lending Inc. v. Wheeling & Lake Erie Ry. Co.*, 9th Dist. Summit No. 24943, 2010-Ohio-1827, ¶ 30, citing *Shields v. Titus*, 46 Ohio St. 528, 22 N.E. 717 (1889). Accordingly, we overrule the second assignment of error.

**Notice and Lack of Dedication**

{¶22} In the third assignment of error, the Strakas argue the trial court erred in declaring the existence of an express easement by reservation across their land because the Strakas' deed does not create an express easement by reservation. They contend that the easement was never created by the root deeds because Fernhall Road was never dedicated. They also contend that because they had no notice of the easement on their property, the easement is unenforceable.

{¶23} The Strakas underscore the word "proposed" in the root deeds where they state that the conveyances are "subject to" 25 feet "off the southerly side of Fernhall Road, *Proposed*." (Emphasis added.) They contend this language contemplates a

25-foot reservation off the south side of their property *"in the event that Fernhall Road becomes a dedicated road."* And since Fernhall Road has never become a dedicated road, they contend the easement was never created.

**{¶24}** The Seventh District Court of Appeals addressed this same argument in *Burlenski v. Cheslock*, 7th Dist. Belmont No. 1293, 1979 Ohio App. LEXIS 11929 (Aug. 21, 1979). In that case, the trial court granted plaintiffs a permanent injunction against defendants enjoining them from building a fence to close off a private driveway that provided the sole means of ingress and egress to and from the plaintiff's premises. The defendants argued they only gave plaintiffs permission to use the driveway temporarily while they were building their home and that because the driveway was not necessary for ingress and egress, there was no easement by necessity. In affirming the trial court's judgment, the *Burlenski* court determined that the easement arose from the express language of the deed. In reaching this conclusion, the court explained:

> [T]he deed expressly states that the north boundary of plaintiffs' property is the south line of a *proposed* 40 foot street. The evidence in this case * * * established that the proposed 40-foot street was on a proposed plat prepared by defendants but which was never recorded and that plaintiffs built their house on the basis of their reliance on access to the existing driveway of defendants that abuts their property at the location of the proposed 40 foot street.

Thus, the fact that the easement existed in place of a proposed street rather than a dedicated road had no bearing on the validity of the easement.

**{¶25}** In *Burlenski*, the easement was obviously intended to provide a means of ingress and egress to homes built along the proposed 40-foot street of the proposed plat. Indeed, no particular words are necessary to grant an easement if the manifest intention of

the grantor was to grant an easement. *Lake White Community Assn. v. Armour*, 4th Dist. Pike No. 394, 1987 Ohio App. LEXIS 10065 (Dec. 15, 1987), citing *Mansfield v. Richardson*, 4 Ohio L. Abs. 319 (9th Dist.1926). Ohio courts have uniformly held that "an implied easement for the purposes of a road can be established by virtue of the original lots in a subdivision having been purchased with reference to a plat showing said road." *Manifold v. Gaydos*, 6th Dist. Ottawa No. OT-06-021, 2007-Ohio-566, ¶ 19, citing *Clagg v. Baycliffs Corp.*, 6th Dist. Ottawa No. OT-96-023, 1997 Ohio App. LEXIS 752 (Mar. 7, 1997), *aff'd*, *Clagg v. Baycliffs*, 82 Ohio St.3d 277, 1998-Ohio-414, 695 N.E.2d 728. *See also Burlenski*; *Krzewinski v. Eaton Homes, Inc.*, 108 Ohio App. 175, 161 N.E.2d 88 (9th Dist.1958); *Finlaw v. Hunter*, 87 Ohio App. 543, 96 N.E.2d 319 (1st Dist.1949). Therefore, we find no merit to the Strakas' argument that the easement was never created because Fernhall Road was never dedicated.

{¶26} The Strakas also contend that although the easement was mentioned in the root deeds, they did not have actual notice of the easement because the "25-feet" language was not contained in their own deeds.

{¶27} Pursuant to R.C. 5301.25(A), a bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive or actual knowledge of the encumbrance. *Tiller v. Hinton*, 19 Ohio St.3d 66, 482 N.E.2d 946 (1985), syllabus. However, a purchaser may be charged with constructive notice if the encumbrance was recited in any deed in the chain of title to the property. *Emrick v. Multicon Builders, Inc.*, 57 Ohio St.3d 107, 109, 566 N.E.2d 1189 (Jan. 30, 1991), citing *Tiller*. *See also Thames v. Asia's Janitorial Serv.*, 81 Ohio App.3d 579, 611 N.E.2d 948 (6th Dist.1992);

*Morris v. Daniels*, 35 Ohio St. 406, 416 (1880); *Blake v. Graham*, 6 Ohio St. 580, 583-584 (1856).

{¶28} The Strakas concede in their brief that they "do not dispute that the language making their property 'subject to twenty-five (25) feet off the southern side of Fernhall Road, Proposed' is contained in the root deeds to lots 50 and 51, and, therefore, is within their chain of title."  Moreover, their deed to sublot 51 identifies their property as "Sub Lot 51, in Hall Acres Inc., proposed, according to a survey, dated May 25, 1927, made by the Henry G. Reitz Engineering Company."  Identical language exists in their deed to sublot 50 thereby giving notice of a possible encumbrance identified in the plat or chain of title.  Thus, not only was the easement expressly provided for in the root deeds to sublots 50 and 51, but the Strakas' own deeds make reference to the original proposed plat for a complete description of the properties.  Therefore, the Strakas had constructive notice of the express easement provided in the root deeds in the chain of title to their properties and are bound by them.

{¶29} Accordingly, we overrule the third assignment of error.

**Express or Implied Easement**

{¶30} In the first assignment of error, the Strakas argue the trial court erred by simultaneously declaring both an express easement by reservation and an implied easement by necessity.  They contend that Ohio law does not permit an easement to be simultaneously characterized as both an express easement by reservation and an implied easement by necessity.

**{¶31}** In *Tiller v. Hinton*, the Ohio Supreme Court expressly held that "because easements of necessity are implied by law to provide a right of way over land which could have been effectuated by express grant but was not, one may not simultaneously have an easement over another's land both by express grant and an easement implied of necessity." *Id*. at 69. Further, "[e]asements implied of necessity are not favored because, like implied easements generally, they are 'in derogation of the rule that written instruments shall speak for themselves.'" *Id*., quoting *Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930), paragraph one of the syllabus.

**{¶32}** Evidence in the record establishes the existence of an express easement that was created by the root deeds to the Strakas' properties, and since the Strakas had constructive notice of the easement, the easement is binding on them. Therefore, the circumstances do not support the court's finding of an easement implied of necessity. However, for the reasons that follow, we find this error harmless.

**{¶33}** The first assignment of error is overruled.

**{¶34}** Having determined that the Strakas are bound by an express easement for purposes of ingress and egress and that an express easement cannot simultaneously exist with an implied easement of necessity, the remaining three assigned errors, which relate to the trial court's finding of an implied easement of necessity, are moot.

**{¶35}** Finally, the Strakas suggest, without an expressly assigned error, that the trial court erred in declaring the existence of the easement without identifying who will bear the cost of maintenance of the easement and/or liability for injuries sustained on the easement running through the Strakas' land. However, no one raised these issues in the

trial. Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal. *Thompson v. Preferred Risk Mut. Ins. Co.*, 32 Ohio St.3d 340, 342, 513 N.E.2d 733 (1987); *Hous. Advocates, Inc. v. Am. Fire & Cas. Co.*, 8th Dist. Cuyahoga Nos. 86444 and 87305, 2006-Ohio-4880, ¶ 33. Therefore, issues not raised in the trial court are forfeited on appeal. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 21-23.

{¶36} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR