**Michael H. INGRAM,
Plaintiff–Respondent,**

v.

**Louis E. HORNE and Elda Elaine
Horne, Defendants,**

and

**John A. Heitz, Defendant–Appellant.**

**No. 16132.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 7, 1990.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 28, 1990.

Application to Transfer Denied
April 17, 1990.

**736**

Frank M. Evans, III, Mark A. Powell, Miller & Sanford, P.C., Springfield, for plaintiff-respondent.

Craig P. Lowther, Kendall R. McPhail, Lowther, Johnson, Lowther, Cully & Housley, Springfield, for defendant-appellant.

PER CURIAM.

Defendant, John A. Heitz, appeals from the denial by the circuit court of Greene County, Missouri, of his claim for attorney fees he contends are due him because of claimed violations by the attorneys for

plaintiff, Michael H. Ingram, of Rule 55.-03[1] during the course of the lawsuit. We affirm.

■ In his sole point relied on, Heitz alleges that:

> The trial court erred in denying appellant's request for attorney fees because plaintiff and/or his attorney signed and/or caused to be filed a lawsuit and pleadings, motions and other papers pursuant to that lawsuit that they knew were not grounded in fact or warranted by existing law and when they knew no good faith argument existed for the extension, modification or reversal of the existing law relating to such pleadings, motions and other papers....

The point does not identify what pleadings, motions, or other papers Heitz is complaining about, or what court rule or statute he claims was violated by the filings of the documents in question. The jurisdictional statement in his brief states the appeal is from the entry of a judgment by the trial court denying Heitz attorney fees "under Rule 53.03." There is no Rule 53.03. In his list of authorities supporting his claimed allegation of trial court error, Heitz lists as his first authority Rule 50.03. There is no Rule 50.03. It is only through perusal of the argument portion of Heitz's brief, and his attorney's statement made at time of oral argument, that we are able to discern that what he is really complaining about is a claimed violation of Rule 55.03 titled "PLEADINGS, MOTIONS, AND OTHER PAPERS TO BE SIGNED, BY WHOM—SANCTIONS." We review ex gratia on that basis, as the issues are too important to be sidetracked by the inadequacies of his brief.

■ In undertaking that review, we are guided by the realization that a motion for sanctions against an attorney because of alleged abuse of the legal process, while serving a laudable purpose, which is to penalize the filing of a frivolous pleading, motion, or other paper by an attorney, is a tool that should be applied sparingly and with great caution. An accusation that a fellow attorney is engaging in unwarranted or illegal conduct through the filing of baseless pleadings or motions damages the reputation of that lawyer for integrity and competence. That reputation should not be tarnished through attacks by fellow attorneys, except in extraordinary circumstances where recourse to applicable court rules or statutes is necessary in order to protect litigants from the abuse of legal process. Therefore, the factual and legal arguments for the application of sanctions under court rules like 55.03 must be carefully analyzed. *F.D.I.C. v. Tekfen Const. and Installation Co.*, 847 F.2d 440, 444 (7th Cir.1988).

A brief outline of the underlying litigation is as follows. On April 15, 1986, Ingram filed a two-count petition naming Louis E. Horne, Elda Elaine Horne, and Heitz as defendants. Count one of the petition, after amendment, named the Hornes as defendants and alleged that the Hornes had offered to sell Ingram 4.72 acres of Greene County real estate for the sum of $25,000, that Ingram had accepted the offer and tendered the purchase price, but that the Hornes had refused to convey the property to Ingram, and returned the $25,000 to Ingram. In his prayer for relief, Ingram requested specific performance of the contract, and also requested that the Hornes be required to pay him $200 a month as rental for their unwarranted use of the land from the time Ingram had accepted their offer to the date of the court-ordered conveyance. Count two, in which the Hornes and Heitz were defendants, in addition to the facts alleged in count one, stated that the Hornes, after refusing to honor their agreement with Ingram, sold the land to Heitz. The prayer of count two requested a declaratory judgment as to the rights, title and interest of the parties in the land.

The case was eventually tried before the court, after which the trial court made findings of fact and conclusions of law, as requested, and entered judgment in favor of the Hornes and against Ingram on count one of the petition, and in favor of the Hornes and Heitz and against Ingram on

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R.

count two of the petition. Nothing in the findings of fact, conclusions of law, or judgment makes reference to an award of attorney fees to anyone. After receipt of the judgment, the attorney for defendants wrote a letter to the trial court which reads as follows:

Thank you for your Judgment Order of December 16, 1988.

I would appreciate it if you would allocate payment of the court costs, rule on the Plaintiff's Motion to Conform the Pleadings to the Evidence, and rule on the Defendants' Motion for Attorney Fees for the Plaintiff filing and pursuing this frivolous lawsuit.

As is easily seen, the letter makes no reference as to what motion for attorney fees the attorney is talking about. Following the receipt of this letter, the trial court made the following entry in the court's docket sheet: "Motion for sanctions filed 12–16–88, overruled.[2] Defts.' prayer for atty fees denied. All costs taxed against pltf. Formal judgment amended herein as authorized by S.C. Rule 75.01." The parties treat this entry as an amendment of the judgment entered December 16, 1988, and we do likewise. Heitz appeals from that amended judgment, listing the denial of attorney fees to him as his only complaint.

Throughout the course of the litigation which lasted over 32 months, defendants' attorney filed a barrage of motions to dismiss, to strike, for summary judgment, for attorney fees, for sanctions, letters to the trial judge, etc., requesting that defendants be awarded attorney fees because of what counsel termed the filing and pursuing of a frivolous, bad faith lawsuit, whose sole purpose was to harass and cause unnecessary expense to the defendants. However, only two of these documents make any reference to Rule 55.03. We confine our review to a scrutiny of those documents, since the only claim of trial court error Heitz seems to raise on appeal is that the attorneys for Ingram, in some way, violat-

ed Rule 55.03. Those documents are defendants' answer to Ingram's first amended petition, which was untimely filed December 1, 1987, and a motion for attorney fees filed April 25, 1988. In order to determine if either of those documents is legally sufficient to raise a Rule 55.03 claim, we need to compare them with the rule itself. The rule reads as follows:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

---

**2.** This motion for sanctions claimed the filing of plaintiff's motion to conform the pleadings to the evidence was frivolous and requested an additional $300 attorney fees for having to respond to plaintiff's motion. Heitz has not complained on appeal about the trial court's ruling on this motion.

■ The rule plainly states that if a pleading, motion, or other paper is signed in violation of the rule, the fact of such violation can only be raised on the court's own initiative, which was not done here, or by motion filed by the attorney for the complaining party. The question is whether either of the two documents filed by the attorney for Heitz can be considered a motion as required by the rule. The first of the two documents filed was the answer to the amended petition. Paragraph 14 of count two of the answer to the amended petition and the following prayer read as follows:

■ In further answer to the allegations set forth in

Plaintiff's First Amended Petition, Defendants affirmatively state that the cause of action, if any, set forth therein, lacks any merit whatsoever and constitutes a frivolous cause of action filed in bad faith by Plaintiff within the meaning of Missouri Revised Statute Section 514.-205 and Missouri Rule of Civil Procedure 55.03. Defendants further state that they have incurred great expense in defending this cause, including attorney fees, as well as other expenses, and are therefore entitled to a reasonable attorney fee under the provisions of Missouri Revised Statute Section 514.205 and Missouri Rule of Civil Procedure 55.03.

WHEREFORE, having fully answered each and every allegation contained in Count II of Plaintiff's First Amended Petition, Defendants Louis E. Horne, Elda Elaine Horne and John A. Heitz respectfully move this Court to dismiss the same, or in the alternative, enter its judgment thereon in favor of Defendants and against Plaintiff, all at Plaintiff's costs, and to further enter its judgment in favor of Defendants Louis E. Horne, Elda Elaine Horne and John Heitz and against Plaintiff under the provisions of Missouri Revised Statute Section 514.-205, and awarding said Defendants all their expenses incurred in defending this cause, including a reasonable attorney fee.

On appeal, Heitz does not base his claim of a right to attorney fees on any alleged statutory violation, but bases his claim solely on a right to recover under Rule 55.03. This portion of Heitz's answer is a thinly disguised counterclaim, and does not qualify as a proper vehicle by which to bring a claim for an alleged violation of Rule 55.03. It is not a motion, but appears to be an attempt to try to create a hybrid tort action through allegations of bad faith in the institution and prosecution of a civil action.

■ This is a matter of first impression in Missouri. Since our Rule 55.03 is patterned after rule 11, Fed.R.Civ.P., which rule contains language identical to that of Rule 55.03 on the sanctions issue, it is appropriate for us to consider as precedent federal court decisions interpreting rule 11 on the question of limitations of that rule. *State ex rel. McMullin v. Satz*, 759 S.W.2d 839, 842 (Mo. banc 1988), Blackmar, J., dissenting. Those decisions hold that counterclaims cannot be used as substitutes for motions in rule 11 proceedings, since the question of whether sanctions should be applied is limited to a review of the particular pleading, motion, or other paper complained about. *Lenoir v. Tannehill*, 660 F.Supp. 42, 43–44 (S.D.Miss.1986); *Sound Video Unlimited, Inc. v. Video Shack Inc.*, 700 F.Supp. 127, 149 (S.D.N.Y.1988). We adopt the reasoning of *Lenoir* and *Sound Video*, and hold that a general allegation of bad faith in the initiation and prosecution of a legal action when raised in a counterclaim, or, as here, in an answer to a petition which is really a thinly disguised counterclaim, does not properly present a motion for sanctions filed pursuant to Rule 55.03.

■ The only other document filed with the trial court by Heitz that stated reliance on Rule 55.03 as a basis for an award of attorney fees is his motion for attorney fees filed April 25, 1988. This motion does not state which pleading, motion, or other paper filed by Ingram's attorney violated Rule 55.03, and does not state how the filing of such pleading, motion, or paper violated the rule. A motion for sanctions under Rule 55.03 must contain those basic allegations in order to be considered as a proper motion.

In his motion requesting attorney fees, defense counsel alleges that "these Defendants would state that the Plaintiff's suit is

frivolous, groundless, is without foundation in the law, espouses no new theory of law, and was brought for the sole and only purpose of harrassing [sic] the Defendants." The motion does not mention any particular pleading, motion, or other paper filed by Ingram's counsel that allegedly violated Rule 55.03, but rather is a shotgun type attack on the lawsuit as a whole.

In *Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2nd Cir.1986), cert. denied 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987), the federal court of appeals, in its discussion of the application of how rule 11 applies in claims of attorney misconduct, had this to say:

> Rule 11 applies only to the initial signing of a 'pleading, motion, or other paper'. Limiting the application of rule 11 to testing the attorney's conduct at the time a paper is signed is virtually mandated by the plain language of the rule. Entitled 'Signing of Pleadings, Motions, and Other Papers; Sanctions', the rule refers repeatedly to the signing of papers; its central feature is the certification established by the signature.
>
> In addition, when rule 11 was amended in 1983 to make sanctions mandatory, the rule was also amended to include the words 'motion or other paper' each time after the word 'pleading' was used. Thus, amended rule 11 applies to every paper signed during the course of the proceedings and not only to the pleadings. While the drafters of the rule could easily have further extended its application by referring to the entire conduct of the proceedings, they failed to do so and instead chose to expand only the categories of papers to which the rule applies.
>
> Moreover, the advisory committee note to the amended rule states that the signer's conduct is to be judged as of the time the pleading or other paper is signed. Fed.R.Civ.P. 11 advisory committee note. It is difficult to imagine why this comment would be made if the rule were meant to impose a continuing obligation on the attorney. *See Utica Mutual Ins. Co. v. Firemans Fund Ins. Cos.,* 613 F.Supp. 1134, 1137 (S.D.N.Y. 1985).

*See also Levine v. Arabian American Oil Co.,* 664 F.Supp. 733, 735–736 (S.D.N.Y. 1987), citing *Oliveri* as precedent.

The rationale of *Oliveri* and *Levine* is applicable here, as there is no evidence that the framers of Rule 55.03 intended that it be used to promote satellite litigation, or chill the enthusiasm and creativity that is the lifeblood of the law. As was so aptly stated in *Oliveri,* if the drafters of the rule (there rule 11, here Rule 55.03) had intended that the rule extend to the overall conduct of an attorney throughout an entire case, the rule would have said so. It did not. Since the motion for attorney fees filed by the attorney for Heitz did not state the specific pleading, motion, or other paper filed by Ingram's attorney that allegedly did not comply with Rule 55.03, and the reasons why it did not comply, it did not present a proper motion for sanctions under the rule.

Since neither the answer to the amended petition or the motion for attorney fees referred to made a specific attack on any pleading, motion, or other paper certified by the attorney for Ingram as being well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of that law, and did not state how such certification was false, and thus violated Rule 55.03, there was no proper motion for sanctions under Rule 55.03 filed by the attorney for Heitz and, therefore, the amended judgment of the trial court denying attorney fees was justified on that ground alone. That being so, it is not necessary to state other reasons why the appeal has no merit.

We hold that Heitz did not present to the trial court, or to this court on appeal, any reasonably articulated reason why he should be granted the relief he seeks. Since he did not, the trial court's judgment denying an award of attorney fees to Heitz is affirmed.

All concur.