Tammy Renee and Darryl ATTEBERRY, individually and as husband and wife and Tammy Renee as guardian ad litem and next friend of Brittany Lynn Atteberry, Appellants,

v.

HANNIBAL REGIONAL HOSPITAL, Lynn Walley, M.D., Hannibal Clinic, John or Jane Does # 1 and # 2, Respondents.

No. 63813.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 22, 1994.

Rehearing Denied April 13, 1994.

Motion to Transfer Denied May 18, 1994.

Robert C. Haldiman, St. Louis, for appellants.

Steven S. Wasserman, St. Louis, Marion F. Wasinger, Hannibal, for respondents.

CRAHAN, Judge.

Plaintiffs appeal the trial court's dismissal of their medical negligence action with prejudice as a sanction for failure to comply with prior orders compelling Plaintiffs to produce documents, answer interrogatories and amend their petition to make it more definite and certain. On appeal, Plaintiffs maintain, *inter alia*, that the trial court had no jurisdiction to enter its order dismissing the ac-

tion with prejudice because Plaintiffs had already taken a voluntary dismissal without prejudice pursuant to Rule 67.01.[1] We reverse.

This action was filed on August 14, 1992 by Tammy Renee Atteberry ("Mother") individually and as guardian ad litem of Brittany Lynn Atteberry ("Daughter") alleging medical negligence by all Defendants in connection with the delivery and birth of Daughter, resulting in serious injuries to Daughter and Mother. Plaintiffs later moved to amend the petition to add Darryl Atteberry ("Father") as a party plaintiff. Named as Defendants are Hannibal Regional Hospital ("Hospital"), Hannibal Clinic ("Clinic"), Dr. Lynn Walley ("Doctor") and two "John or Jane Doe" defendants. In September, 1992, Clinic and Doctor filed motions to dismiss and Hospital filed a motion for more definite statement.

On October 20, 1992, the trial court held a hearing on: (1) Hospital's motion for more definite statement; (2) Clinic's and Doctor's objections to interrogatories; (3) Doctor's motion to strike or alternative request to compel production of documents; (4) Doctor's motion to strike or to compel answers to interrogatories directed to Daughter; and (5) Doctor's motion to strike or to compel answers to interrogatories directed to Mother.

On December 24, 1992, Plaintiffs moved for a change of venue pursuant to Rule 51.-04(a)(1) and (2). Doctor and Hospital opposed the motion. This motion was heard and denied on February 15, 1993 for lack of evidence to support a change of venue for cause. On February 16, 1993, Plaintiffs filed a motion for change of venue and change of judge pursuant to Rules 51.03, 51.05 and 51.06.

On February 19, 1993, the trial court issued its order ruling on the matters submitted on October 20, 1992, sustaining Defendants' motions in all respects requested. Plaintiffs were granted twenty days to file an amended petition correcting the deficiencies specified in Hospital's motion for more definite statement. Plaintiffs were also ordered to produce the requested documents and to respond to specified interrogatories within twenty days "and if not complied with, Defendants' motion to Strike Plaintiffs' Petition will be granted."

On February 23, 1993, the trial court heard and denied Plaintiffs' February 16 motion for change of venue and change of judge pursuant to Rules 51.03, 51.05 and 51.06. On March 5, 1993, Plaintiffs sought a writ of prohibition from this court seeking to compel the trial court to grant their motion for change of venue and change of judge. We denied the petition for writ of prohibition. Plaintiffs then sought a writ from the Missouri Supreme Court.

On March 17, 1993, Doctor and Clinic filed motions to dismiss pursuant to Rules 67.06 and 61.01 based on Plaintiffs' failure to comply with the court's February 19 order. On March 22, 1993, Plaintiffs moved for an extension of time to reply to these motions. On March 30, 1993, Hospital also moved to dismiss for failure to comply with the February 19 order, citing Rule 67.02.

On March 31, 1993, Plaintiffs filed a voluntary dismissal of their action without prejudice pursuant to Rule 67.01. It is undisputed that this was Plaintiffs' first voluntary dismissal without prejudice.

On April 2, 1993, the trial court entered the following order striking the petition with prejudice:

This Court having entered its Order on February 19, 1993, ruling on matters that were taken up on October 20, 1992; the Court notices that pursuant to Defendant Lynn Walley's Motion to Strike or in the Alternative to Compel Request for Production of Documents this Court sustained the Request for Production in paragraph 5. of its February 19, 1993, Order and ordered Plaintiff to comply with the Request for Production within twenty days or Plaintiffs' Petition will be stricken. The Court notices that the Request has not been complied with, that the twenty days expired on March 11, 1993, and merely makes this Order to formalize the Order entered on

---

1. The Missouri Supreme Court Rules were substantially amended and renumbered in June, 1993, effective January 1, 1994. Unless otherwise indicated, all references to Rules in this opinion are to the Rules as they existed prior to amendment.

February 19, 1993, striking the Petition with prejudice.

The Court ordered Plaintiff [sic] in paragraph 6. of its Order of February 19, 1993, to answer Interrogatories pursuant to Defendant Lynn Walley's Motion to Compel and that such answers were to be provided within twenty days of February 19, 1993, or the Motion to Strike would be sustained and the Plaintiffs' Petition will be stricken; Plaintiff [sic] did not comply with the Order and the Petition is stricken effective March 11, 1993. This Order being entered merely to formalize this Court's prior Order of February 19, 1993.

The Court further ordered Plaintiff, Tammy Renee Cunningham [Atteberry], to answer Defendant's Interrogatories in paragraph 7. of its Order dated February 19, 1993. The Court sustained a Motion to Compel and to answer the Interrogatories within twenty days of its Order of February 19, 1993. The Court now finds that Plaintiff did not comply with this Court's Order; the Court further notes that this cause has been a case of many dilatory tactics and delays. Pursuant to Rule 61 this Court does finalize its prior Order to Strike the Petition of February 19, 1993, and finds its prior Order self-enforcing and strikes the Petition with prejudice effective March 11, 1993.

The Clerk is ordered to send a copy of this Order to counsel for the parties....

█ Prior to the amendments which became effective January 1, 1994, Rule 67.01 provided[2] in pertinent part, "[a] civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence...." Plaintiffs maintain that their voluntary dismissal pursuant to this rule on March 31, 1993 completely deprived the trial court of jurisdiction over the action and that its subsequent order purporting to strike the petition with prejudice was a nullity. We agree.

Under Rule 67.01, prior to the introduction of evidence at a hearing on the merits, a plaintiff has an absolute right to dismiss the petition once without prejudice and without leave of court. *Garrison v. Jones,* 557 S.W.2d 247, 249–50 (Mo. banc 1977). It requires no court order to become effective. *Id.* A subsequent order overruling the voluntary dismissal without prejudice and sustaining the defendant's motion to dismiss with prejudice, even if the defendant's motion was under submission prior to the plaintiff's dismissal, is a nullity. *Id.; see also Rosenfeld v. Telcom Engineering, Inc.,* 619 S.W.2d 811, 813–14 (Mo.App.1981).

Here, Plaintiffs filed their voluntary dismissal without prejudice on March 31, 1993. Because this was Plaintiffs' first dismissal, no leave or order of court was required. At that point, there had been no order dismissing their cause with prejudice. Therefore, the trial court lost jurisdiction on March 31, 1993 and its subsequent order of April 2, 1993 purporting to strike Plaintiffs' petition "with prejudice" was a nullity.

Defendants offer two reasons to support their contention that the trial court retained jurisdiction to dismiss the action with prejudice: (1) their motion for sanctions pursuant to Rule 61.01 filed on March 17, 1993 was a "counterclaim" which was pending prior to Plaintiffs' voluntary dismissal and therefore preserved the trial court's jurisdiction under Rule 67.05[3]; and (2) even if Defendants' motion was not a counterclaim, it was a motion for sanctions submitted prior to Plaintiffs' dismissal and the court had continuing jurisdiction to "carry out its order for sanctions and finalize its judgment."

Defendants' contention that their motion for sanctions pursuant to Rule 61 was a counterclaim is without merit. A counterclaim has the nature and effect of an independent action by the defendant against the plaintiff. *ITT Commercial Finance v. Mid-Am. Marine,* 854 S.W.2d 371, 389 (Mo. banc 1993). "Nothing is a counterclaim which is not a cause of action or a cross demand and

---

**2.** The equivalent provision is now contained in Rule 67.02(a), effective January 1, 1994.

**3.** At the time of Plaintiffs' dismissal, Rule 67.05 provided:

No dismissal, voluntary or involuntary, of a plaintiff's civil action in which a counterclaim or cross-claim has been filed shall operate to dismiss or discontinue such counterclaim or cross-claim.

that does not contain the substance necessary to sustain an action by defendant against the plaintiff, if the plaintiff had not sued the defendant." *Id.* (quoting *McPherson v. Meek,* 30 Mo. 245 (1860)).

Defendants' sole authority in support of their contention that their motion for sanctions pursuant to Rule 61.01 was a counterclaim is *Ingram v. Horne,* 785 S.W.2d 735 (Mo.App.1990). In *Ingram,* a defendant appealed the trial court's refusal to award sanctions pursuant to Rule 55.03, which request had been made in the defendant's answer to the plaintiff's amended petition. The court of appeals held that this was not a proper way to invoke Rule 55.03, which by its terms must be raised either on the court's own motion, which did not occur, or by motion of a party. 785 S.W.2d at 739. Stating that the allegations in the answer were not a "motion" but an apparent "attempt to try to create a hybrid tort action through allegations of bad faith in the institution and prosecution of a civil action," the court held that the pleading did not properly present a motion for sanctions pursuant to Rule 55.03. *Id.* The court also found that the defendant failed to allege specifically how any pleading, motion or paper violated Rule 55.03. *Id.*

Seizing upon this discussion in *Ingram* and ignoring its context, Defendants urge that their motion, inasmuch as it clearly set out Plaintiffs' violations of the trial court's order and cited specifically to provisions of Rule 61.01, must be deemed a counterclaim. Contrary to Defendants' reasoning, *Ingram* does not hold that a proper motion under Rule 55.03 (or any other Rule) is a counterclaim. It holds that a counterclaim is not a motion. Nor does *Ingram* hold that a request for sanctions which is not properly filed as a motion pursuant to Rule 55.03 is *in fact* a proper counterclaim as defined in *ITT* and *McPherson, supra,* or within the meaning of Rule 67.05.

■ A motion for sanctions pursuant to Rule 61.01 cannot be a counterclaim because it could not exist if the plaintiff had not sued the defendant. Moreover, the types of relief authorized by Rule 61.01 are by their very nature essentially and intrinsically tied to the existence and pendency of the plaintiff's cause of action. Defendants offer no authority whatsoever for the notion that Missouri recognizes an independent cause of action for failure to comply with discovery requests. Indeed, sanctions may only be imposed pursuant to Rule 61.01 "upon motion." We hold that Defendants' motion for sanctions pursuant to Rule 61.01 was not a "counterclaim" within the meaning of Rule 67.05 and therefore did not survive Plaintiffs' dismissal.

Alternatively, Defendants contend that the 1994 amendments to Rule 67.05 reflect a new attitude with respect to preserving the jurisdiction of the trial court to rule on motions for sanctions pending prior to a plaintiff's voluntary dismissal. As amended, Rule 67.05 provides:

> No dismissal, voluntary or involuntary, of a plaintiff's civil action in which a counterclaim or cross-claim has been filed shall operate to dismiss or discontinue such counterclaim or cross-claim. *No dismissal, voluntary or involuntary, of a party's claim in which a Rule 55.03 motion for sanctions was filed prior to the dismissal shall operate to discontinue such motion for sanctions.*

(emphasis added). Such amendment to Rule 67.05 is of no assistance to Defendants' position. The amendment was not effective at the time of Plaintiffs' dismissal or the trial court's subsequent ruling and none of Defendants' motion for sanctions were predicated on Rule 55.03.[4]

Defendants have not attempted on appeal to defend the trial court's action as self-enforcing or retroactive to the March 11, 1993 deadline imposed for compliance, as some of the language in the trial court's dismissal order would suggest. Despite this language in the trial court's dismissal order, we agree with Plaintiffs that the trial court's order of February 19, 1993 threatening sanctions if Plaintiffs failed to comply within 20

---

4. The only sanctions motions filed prior to Plaintiffs' dismissal were based on Rule 61. As Plaintiffs point out, amendment of Rule 67.05 to preserve jurisdiction over Rule 55.03 sanction motions, without mention of other types of sanction motions provided in the Rules, strongly suggests that sanction motions not based on Rule 55.03 do not survive dismissal. In light of the fact that the amendments were not in effect at the time of Plaintiffs' dismissal, we find it unnecessary to resolve the issue in this case.

days was not self-enforcing. Under the plain language of the rules upon which the February 19 order was based, an order granting a party a specified period in which to comply contemplates a further motion and determination of non-compliance as a pre-requisite to the imposition of sanctions. *See* Rules 61.-01(b), 61.01(d) and 67.06; *Rosenfeld v. Telecom Engineering, Inc.,* 619 S.W.2d 811, 813 (Mo.App.1981); *Stubblefield v. Seals,* 485 S.W.2d 126, 131 (Mo.App.1972), *abrogated on other grounds, State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 561 (Mo. banc 1988).

■ Finally, Defendants suggest in passing that because Plaintiffs' petition for writ of prohibition had not yet been overruled by the Missouri Supreme Court at the time the trial court ruled on April 2, 1993, Plaintiffs' voluntary dismissal did not completely deprive the trial court of jurisdiction. We disagree. A petition for a writ of prohibition is a separate proceeding invoking the *original* jurisdiction of the appellate court. The mere filing of a petition for a writ has no effect whatsoever on the jurisdiction of the trial court over the underlying action. It does not in any way prevent the plaintiff in the underlying suit from dismissing that action, although the effect thereof may well be to moot the petition for the writ.

In their remaining points on appeal, Plaintiffs allege error in the trial court's denial of their motions for change of venue and change of judge. In view of our determination that Plaintiffs' voluntary dismissal on March 31, 1993 was effective and thereby deprived the trial court of jurisdiction over Plaintiffs' action, we find that these issues are not properly before us. There is no action now pending in which we could order any relief from these alleged errors. It is as if the suit had never been brought. *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 560 (Mo. banc 1988).

Accordingly, we reverse the judgment of the trial court and vacate the trial court's order of April 2, 1993 pursuant to Rule 84.14.

CRANE, P.J., and KAROHL, J., concur.