Beverly PHIPPS, Appellant,

v.

UNION ELECTRIC COMPANY, United States Fidelity and Guaranty Co., The St. Paul Company's Inc., Sibert Dacus, Robbye Hill Toft, Gerald Waters and Mark French, Respondents.

No. ED 77199.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 29, 2000.

C.H. Parsons, Jr., Dexter, for appellant.

Gordon L. Ankney, Steven M. Sherman, St. Louis, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Beverly Phipps, plaintiff, appeals the trial court's dismissal of her petition alleging fraud and conspiracy for failure to state a claim upon which relief can be granted. We affirm.

Plaintiff's petition for fraud and conspiracy arises out of the defendant's conduct during discovery in a wrongful death action filed against them by Plaintiff.[1] Plaintiff's husband was killed in an automobile accident after the vehicle he was driving collided with a truck driven by an employee of co-defendant Union Electric. Plaintiff alleges that in the course of discovery, defendants knowingly failed to admit in an interrogatory response that they had photographs of the accident scene. Plaintiff further contends that once defendants' attorney admitted there were photographs of the accident scene, plaintiff sent defendants a written request for reprints of the photographs. Defendants disclosed twenty-seven of the thirty-two photographs. Only at pre-trial conference did plaintiff learn of the remaining five photographs. The trial was postponed and the litigants eventually settled. Plaintiff then filed the underlying action for fraud and conspiracy.

Plaintiff alleges that due to the fraudulent misrepresentation by defendants and their attorney as to the existence of the photographs, she incurred additional expenses in that she had to redepose witnesses and have experts analyze the photographs. She also claims she is entitled to the lost interest from the postponing of the trial date and thus the eventual settlement. Defendants filed a motion to dismiss for failure to state a claim. The trial court granted defendants' motion to dismiss stating that Missouri does not recognize an independent cause of action based on a discovery violation.

We review a motion to dismiss for failure to state a claim by determining if the facts alleged in plaintiff's petition meet the elements of a recognized cause of action, or a cause that might be adopted in that case. *Saidawi v. Giovanni's Little Place, Inc.,* 987 S.W.2d 501, 504 (Mo.App. 1999). We construe the sufficiency of the petition liberally, accept all properly pleaded facts as true, and give the pleadings their broadest intendment. *Id; Michigan Sporting Goods Distribs., Inc. v. Lipton Kenrick Assocs., L.P.,* 927 S.W.2d 570, 573 (Mo.App.1996).

Sanctions for discovery violations are provided by Supreme Court Rule 61.01. Plaintiff argues that although defendants' actions constitute an abuse of discovery under Rule 61.01 and she eventually settled the wrongful death claim, she was entitled to bring a separate cause of action for damages relating to the discovery violation.

Sanctions for discovery violations may only be imposed pursuant to Rule 61.01 "upon motion." *Atteberry v. Hannibal Regional Hospital,* 875 S.W.2d 171, 174 (Mo.App.1994). The relief authorized by Rule 61.01 is "essentially and intrinsically tied to the existence and pendency of the plaintiff's cause of action." *Id.* Where fraud is alleged to have occurred during the course of discovery, a party should request appropriate relief when the alleged fraud is discovered. *Klein v. General Electric Co.,* 728 S.W.2d 670, 671 (Mo. App.1987). Plaintiff contends that she is entitled to bring a separate cause of action for damages because Rule 61.01(a)-(b) is not meant to provide monetary compensation to litigants harmed by a party's failure to answer an interrogatory. However, plaintiff's written request for reprints of the photographs and the courts order requesting their production dealt with the

1. Defendants are Union Electric Co, United States Fidelity and Guaranty Co., The St. Paul's Co.'s Inc., Sibert Dacus, Robbye Hill Toft, Gerald Waters, and Mark French.

production of documents which is covered by Rule 58.01. Rule 61.01(d)(4) provides for recovery against a party or the attorney advising a party of reasonable expenses including attorney's fees caused by the failure to produce documents. In this case, where the alleged fraud was discovered while the case was pending, Rule 61.01(d) could have provided complete relief to plaintiff.[2]

▪ Plaintiff also asserts she is entitled to pursue her fraud claim under the exceptional circumstances rule. We disagree. Missouri courts recognize restricted situations in which an attorney may be held liable to a third party. *Donahue v. Shughart*, 900 S.W.2d 624, 627 (Mo. banc 1995). These exceptional cases involve fraud, collusion, or malicious or tortious acts by the attorney. *Id.* Although plaintiff's cause of action is one of fraud, plaintiff has pleaded no exceptional circumstance that warrants the removal of her claim from the purview of Rule 61.01 and into that of the narrow exceptional circumstances rule. Plaintiff admits there is no Missouri case law that applies the exceptional circumstances rule to an attorney's behavior during the discovery process in litigation. As the alleged fraud in this case pertains to a discovery violation, Rule 61.01, and not the exceptional circumstances rule, controls if and how sanctions are administered for such an abuse.

▪ Furthermore, plaintiff voluntarily settled her wrongful death suit with defendants after she had knowledge of all the photographs and the extent of her alleged damages due to the delay in their production. "If at the time the parties entered into the new agreement the facts as to the fraud and deceit were known, it is to be presumed that both parties acted with that question in view, and the new agreement was the wiping out of all old scores." *Peck v. Jadwin*, 704 S.W.2d 708, 711 (Mo.App.1986); *Brown v. South Joplin*

*Lead & Zinc Mining Co.*, 231 Mo. 166, 132 S.W. 693, 695 (1910). By voluntarily settling her case with knowledge of the alleged fraud, plaintiff waived any potential claim for damages that she may have had.

The trial court did not err in granting defendants' motion to dismiss. The judgment is affirmed.

WILLIAM H. CRANDALL, Jr., J., concurs.

JAMES R. DOWD, J., concurs.

---

**2.** We need not decide whether Rule 61.01(d) offers the sole remedy for fraud in the discovery process, when the fraud is not discovered or reasonably discoverable while the litigation is pending.