An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

VICKI WOLVERTON,
Appellant,
vs.
DANIEL CARVALHO AND ROGERS,
MASTRANGELO, CARVALHO &
MITCHELL, LTD.,
Respondents.

No. 58181

**FILED**

MAR 28 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a tort and contract action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

This case arises from alleged misconduct committed by respondents Daniel Carvahlo and Rogers, Mastrangelo, Carvahlo and Mitchell, Ltd. (collectively, RMCM), during the course of their representation of a defendant in a personal injury action in which appellant Vicki Wolverton was the plaintiff. During discovery in the underlying action, RMCM obtained an authorization for use and disclosure of protected health information (PHI form) signed by Wolverton that allowed RMCM to gain access to Wolverton's medical records. However, RMCM waited until after the expiration of the PHI form to obtain Wolverton's medical records through an alleged act of forgery. While the appeal from the jury verdict in the underlying case was pending, Wolverton initiated the instant action against RMCM based on its allegedly illegal obtainment of her medical records, claiming, inter alia, fraud, forgery, and violations of the Health Insurance Portability and Accountability Act (HIPAA). RMCM moved to dismiss the complaint, asserting lack of ripeness based on the fact that the issues were already

13 - 09222

before this court on appeal. The district court agreed with RMCM and granted the dismissal. Thus, the district court declared that the instant action was not ripe for adjudication. Judgment was entered and this appeal followed.[1]

On appeal, Wolverton contends that the district court erred when it dismissed the instant action based on ripeness. Wolverton argues that RMCM's fraudulent and tortious conduct of altering and forging the PHI form could constitute independent causes of action outside of simply being discovery violations in the underlying action.

We agree with Wolverton's argument that, if true, RMCM's alleged tortious acts constitute independent torts and are not merely discovery violations. Thus, we conclude that Wolverton's claims are ripe as the two cases are distinct—both address different issues. See Wolverton v. On Demand Sedan Services, Docket Nos. 55556/56277 (Order of Affirmance, October 27, 2011) (Wolverton I); Cote H. v. Dist. Ct., 124 Nev. 36, 38 n.1, 175 P.3d 906, 907 n.1 (2008) ("A case is ripe for review when the degree to which the harm alleged by the party seeking review is sufficiently concrete . . . [and] yield[s] a justiciable controversy." (alterations in original) (internal quotation omitted)).

We come to this conclusion for three reasons. First, a review of NRCP 37(b) lists a plethora of possible sanctions for discovery violations, but the scope of possible violations is limited to failures to disclose and cooperate. Nowhere is potentially tortious activity on the

---

[1]The parties are familiar with the facts and we do not recount them further except as necessary for our disposition.

part of opposing counsel contemplated as an offense that can be rectified through sanctions. Thus, a separate cause of action is an available remedy.

Second, we elect not to adopt RMCM's extrapolation of Phipps v. Union Elec. Co., 25 S.W.3d 679 (Mo. Ct. App. 2000), to the instant case. The "fraud" in Phipps dealt with an intentional failure to disclose a known fact in an interrogatory, an act clearly contemplated in Missouri's discovery rules, whereas, here, allegations have been made that exceed the scope of our state's discovery sanctions rule. Id. at 681. RMCM omits the explanation that an exceptional circumstances rule allows a third-party to hold an attorney liable in cases involving, inter alia, fraud. Id. at 682. Thus, we conclude that a separate cause of action is available because the allegations, if proven, are far afield from legitimate actions that may be taken by an opposing counsel in advocating for his client.

Third, the appeals are from distinct district court orders. In the appeal of the prior action, this court determined whether the jury verdict should be upheld and primarily addressed three issues: (1) jury instructions, (2) the exclusion of impeachment evidence, and (3) the propriety of denying a motion to amend. See Wolverton I. Here, we examine an order of dismissal, addressing RMCM's alleged fraudulent altering and forgery of the PHI form. Moreover, the damages in the prior case pertained to personal injuries that Wolverton suffered as a result of

an automobile-related accident, while the damages in this case would result from alleged forgery.[2]  Thus, we conclude the new claims are distinct from the prior appeal.

For these reasons, we conclude that this case is ripe for review.  Acccordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Douglas


cc:    Hon. Mark R. Denton, District Judge
       Christensen Law Offices, LLC
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Eighth District Court Clerk

_____

[2]In our order of affirmance in Wolverton I, we briefly discussed the PHI form violations and misrepresentations and, in a footnote, concluded that no relief was warranted in that matter.  We conclude that our footnote there should not be construed as a comment on the merits of Wolverton's claims here.

[3]We express no opinion regarding the merits of the parties' other claims.